IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEWAYNE RASMUSSEN,            ) | |
|                              ) | |
| Petitioner,         ) | |
|                              ) | |
|                              )           CIV-05-533-T | |
| v.                           ) | |
|                              ) | |
| WALTER DINWIDDIE, Warden, et al,   ) | |
|                              ) | |
| Respondents.        ) | |

REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. Petitioner asserts as his sole ground for habeas relief that his "federal sentence began to run on the date he was sentenced and by reason of the Respondent delivering him to the State with complete disregard to the District Court's order Petitioner's due process rights have been violated." Petition, at 2. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1]   For the following reasons, it is recommended that the Petition be dismissed on the ground that it is untimely.

---

[1] Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. §2241 habeas Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

1

As part of the Antiterrorism and Effective Death Penalty Act of 1996("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, effective April 24, 1996, 28 U.S.C. §2244 was amended to provide that:

> [b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. §2244(b)(3)(A). This "screening" mechanism applies to the Petition now before the Court. See Felker v. Turpin, 518 U.S. 651, 664(1996)(upholding constitutionality of §2244(b)(3)(A)); Hatch v. Oklahoma, 92 F.3d 1012, 1014(10th Cir. 1996)(habeas petition filed after effective date of AEDPA must comply with its relevant provisions).

This is the third habeas Petition filed by Petitioner in this Court in which Petitioner asserts that his federal sentence entered in 1991 should have run prior to or concurrent with his state sentence entered in 1992. In 1993, Petitioner brought a habeas action in this Court in which he alleged that he was convicted and sentenced in this Court for federal criminal offenses and ordered to be committed to the custody of the United States Bureau of Prisons on December 30, 1991, and his federal sentence therefore commenced running on that date, and that he was subsequently convicted in state court on July 15, 1992, and sentenced to serve a 30-year term of imprisonment to run consecutively to the federal sentence previously imposed. However, Petitioner asserted that he was transferred to the custody of the Oklahoma Department of Corrections to serve his state sentence when he should have been returned to federal custody to serve his federal sentence first. Dwayne E. Rasmussen v. State

of Oklahoma, Case No. CIV-93-335-T.  The petition was referred to a United States Magistrate Judge, who recommended that the Petition be denied because Petitioner has no right to serve his federal and state sentences in any particular order.  United States District Judge Ralph Thompson entered an order in the case in which he concurred with this recommendation, found that the habeas petition was without merit, and denied the petition. Id.  In 1996, Petitioner filed a second habeas petition in this Court, again alleging that he should have been transferred to federal custody to serve his federal sentence before serving his state sentence and seeking an order transferring him to the custody of the United States Bureau of Prisons.  Dewayne E. Rasmussen v. Ron Ward, Case No. CIV-96-217-T.  The petition was referred to a United States Magistrate Judge, who recommended that the action be dismissed as successive to the petition filed in Case No. CIV-93-335-T.  United States District Judge Ralph Thompson entered an order in that case in which he dismissed the petition as successive, and alternatively, construing the petition as a petition for a writ of mandamus, found that Petitioner was not entitled to relief.  This decision was affirmed by the Tenth Circuit Court of Appeals. Dwayne Edward Rasmussen v. Ron Ward, No. 96-6176 (10th Cir. Sept. 27, 1996)(unpublished opinion).  The appellate court found that regardless of how the petition was construed Petitioner was not entitled to relief because "[t]he law is well established that a 'person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which he is tried or punished for such offenses.'" Id.

Petitioner now seeks to again challenge the order in which he is serving or has served his federal and state sentences, asserting that his federal sentence began to run on the date he was sentenced in 1991. The instant Petition is therefore successive to the previous habeas petitions filed by Petitioner. When a petitioner has filed a second or successive petition in this Court without the required authorization to proceed, 28 U.S.C. §2244(b)(3)(C), this Court should transfer the petition to the Tenth Circuit Court of Appeals. Coleman v. United States, 106 F.3d 339, 341(10th Cir. 1997)(*per curiam*).

However, because the Petitioner was obviously aware of the factual basis for his 28 U.S.C. §2241 habeas petition as early as 1993, the one-year limitations period established under the AEDPA and which governs the filing of his Petition expired on April 23, 1997. See, e.g., Hoggro v. Boone, 150 F.3d 1223, 1225-1226 (10th Cir. 1998)(granting prisoners equitable "grace"period of one year from April 24, 1996, the effective date of the AEDPA, to file their habeas petitions if their limitations period elapsed prior to the AEDPA's enactment). Therefore, the instant Petition filed May 13, 2005, is time-barred by operation of 28 U.S.C. §2244(d)(1)(D). Accordingly, the Petition should be dismissed on this basis.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 be DISMISSED as it is time-barred. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___July 5th___, 2005, in accordance with 28 U.S.C. §636 and LCvR 72.1. The

Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  Moore v. United States of America, 950 F.2d 656(10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ___14th___ day of ___June___, 2005.

/s/ Gary M. Purcell
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE