# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEWAYNE RASMUSSEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-05-533-T |
| | ) |
| WALTER DINWIDDIE, Warden, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## ORDER

On May 13, 2005, Petitioner filed an application for a writ of habeas corpus.[1] The matter was referred to United States Magistrate Judge Gary M. Purcell for initial review. On June 14, 2005, Judge Purcell issued a Report and Recommendation in which he suggested that Petitioner's §2241 petition should be transferred to the Tenth Circuit Court of Appeals as a second or successive application. Judge Purcell recommended, however, that Petitioner's case be dismissed as time-barred because Petitioner was aware of the "factual basis for his 28 U.S.C. §2241 habeas petition as early as 1993." Judge Purcell notified Petitioner that any objections to the Report and Recommendation were due on or before July 5, 2005. On July 1, 2005, Petitioner filed an objection to the Report and Recommendation. The matter is at issue.

<u>Second or Successive Petition</u>:

---

[1] While Petitioner filed his request for relief on a form applicable to claims of state prisoners challenging their convictions under 28 U.S.C.A. §2254, it is clear that Petitioner's claims should be construed as a request for habeas relief under §2241 as he is challenging the execution of his 1991 federal sentence. <u>Bradshaw v. Story</u>, 86 F.3d 164, 166-67 (10th Cir. 1996).

In the Report and Recommendation, Judge Purcell cited 28 U.S.C.A. §2244(b)(3)(A) and stated that Petitioner must obtain authorization from the Tenth Circuit Court of Appeals before proceeding with his claim in the District Court. (Report and Recommendation at 2.) However, as Petitioner's petition is being construed as one seeking relief under §2241, "28 U.S.C. §2244(a) is the statute that limits the filing of second or successive §2241 petitions for federal prisoners." Shabazz v. Keating, 242 F.3d 390, 2000 WL 1763456 at *2 (10th Cir. 2000) (unpublished opinion). See also Woodberry v. McCune, 130 Fed.Appx. 246, 2005 WL 906590 at * 1 (10th Cir. 2005) ("authorization is not required to file a second or successive § 2241 petition").

Under §2244(a), the Court is "not required to entertain a §2241 petition if the legality of the detention has been determined on a prior application. *See* 28 U.S.C. §2244(a)." Id. In this respect, the Court notes that the legality of Petitioner's detention has been previously determined.

In 1993, brought a habeas action in which he asserted that he was sentenced in federal court in 1991 and state court in 1992. In the habeas action, Petitioner claimed that following the imposition of his sentence in state court he should have been returned to federal custody to begin serving his federal sentence. Upon initial review of the petition, a Magistrate Judge recommended that his request for habeas relief be denied because he has no right to serve his federal and state sentences in any particular order. On August 11, 1993, the recommendation was adopted and Petitioner's request for habeas relief was denied. Rasmussen v. Ward, Case No. CIV-93-335-T.

In 1996, following this Court's dismissal of his request for relief, the Tenth Circuit Court of Appeals determined that Petitioner's claim that he should "serve his federal sentence in the federal penitentiary before he serves his state sentence in the state penitentiary" was without merit as "a 'person

who has violated the criminal states of both the Federal and State Governments may not complain of the order in which he is tried or punished for such offenses.'" Rasmussen v. Ward, 98 F.3d 1350, 1996 WL 563854 at *1 (10th Cir. 1996) (unpublished disposition) (citing Gunton v. Squier, 185 F.2d 479 (9th Cir. 1950)).

Thus, upon review of Petitioner's prior proceedings, it is clear that "the legality of the detention has been determined on a prior application." 28 U.S.C. §2244(a). Accordingly, under §2244(a), the Court determines that Petitioner's request for relief should be dismissed.

Timeliness of Petitioner's Claims:

Judge Purcell recommended that Petitioner's request for relief be denied as it was not timely filed. In doing so, Judge Purcell cited 28 U.S.C. §2244(d)(1)(D) and concluded that because "Petitioner was obviously aware of the factual basis for his 28 U.S.C. §2241 habeas petition as early as 1993 the one-year limitations period established under the AEDPA and which governs the filing of his Petition expired on April 23, 1997."[2] (Report and Recommendation at 4.) Petitioner objected to this recommendation and argued that the factual basis for his claim was not discovered until "October 26, 2004, [when] the petitioner received a copy of a [federal] detainer." (Objection at 1.) Petitioner argues his receipt of the federal detainer satisfies the requirement that he identify when the "factual predicate of claim" was "discovered through the exercise of due diligence." (Objection at 2 (citing 28 U.S.C. §2241(d)(1)(D).)

---

[2] Judge Purcell correctly noted that Petitioner must "comply with the applicable statute of limitations" in a §2241 proceeding. Doran-Bey v. Bruce, 105 Fed.Appx. 220, 2004 WL 1448002 at *1 n. 1 (10th Cir. 2004) (unpublished disposition).

Upon review of the facts of this case, the Court disagrees with Petitioner's position. It is clear from his 1993 and 1996 challenges that Petitioner was aware of the factual basis for his claims (i.e., that he was not in the custody of federal authorities serving his federal sentence) years before the detainer was lodged. The fact that a detainer was lodged in 2004 does nothing to change the factual basis for his claims. Accordingly, the Court agrees with the recommendation that Petitioner's petition is time barred.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS IN PART the June 14, 2005, Report and Recommendation; OVERRULES Petitioner's July 1, 2005, Objection; and DISMISSES his May 13, 2005, petition.

IT IS SO ORDERED this  5th  day of July, 2005.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE